UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CAROLYN SCHENK,

                Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                Defendants.

-----------------------------------------------------------X

**ORDER**
**08-CV-914 (SLT)(LB)**

**BLOOM, United States Magistrate Judge:**

On October 27, 2009, plaintiff faxed a ten page letter to the "Chief of Court and Mr. Ward." See docket entry 62. Plaintiff's letter alleges that this Court has, amongst many other things, (i) ignored her disability, id. at 1; (ii) discriminated against her by denying her "accommodations," id. at 1, 4; (iii) violated the Americans with Disabilities Act by forwarding her letter addressed to Robert Heinemann to my chambers; id. at 2; and (iv) repeatedly attacked and threatened her, id. at 3, 4, 5, 6, 7. Plaintiff requests that this matter be referred to another judge. See docket entry 62 at 8, 9. Plaintiff's request that I recuse myself from this case is denied as without basis. Plaintiff's disagreement with my Orders is not a basis for me to recuse myself from this action. See 28 U.S.C § 455; see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

The Court has tried to accommodate plaintiff in a number of ways. The Court has held conferences by phone, mailed plaintiff transcripts of Court proceedings, responded to plaintiff's multitude of filings and provided plaintiff with multiple extension requests to comply with its Orders. See docket entries 16, 23, 50, 59, 59. However, the Court denied plaintiff permission to fax documents to the Court as unnecessary in light of her numerous filings. See docket entries 14,

61. As set forth in prior Orders, this case has stalled because plaintiff has refused to sign releases. The Court has also previously explained to plaintiff that her medical records are clearly at issue because of the claims raised in her complaint. Defendants shall be required to produce all of plaintiff's medical records obtained to plaintiff and to only use the records for the purpose of this litigation.

By Orders dated July 16, 2009, October 7, 2009 and October 22, 2009, the Court directed plaintiff to provide defendants with signed, notarized medical releases or I would recommend that this case be dismissed. See docket entries 48, 59, 61. Plaintiff has failed to provide medical releases to defendants' counsel by the Court's October 30, 2009 deadline and continues her pattern of defying the Court's Orders. See docket entries 12, 13, 16. Plaintiff states that the releases have the "wrong" names on them, however, plaintiff has not identified the correct medical facility. See docket entry 62 at 5.

After the releases are executed and returned to plaintiff's counsel, plaintiff may conduct discovery to identify additional defendants. By signing the releases, the case will move forward. The Court will extend plaintiff's time to sign and return the releases to **November 30, 2009**. This is the last time that I will extend plaintiff's time to sign these releases. Should plaintiff fail to comply with this Order, I will recommend that her case be dismissed. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court set November 3, 2009 as the deadline for all discovery. See docket entry 48. The Court stays the deadline for the completion of all discovery and will reset the deadline if plaintiff provides the executed releases by November 30, 2009.

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 6, 2009
Brooklyn, New York